Karen R. Baker, Justice, concurring. I, like the majority, would affirm the circuit court; However, I write separately because I would affirm the circuit court based solely on Hartness’s failure to prove damages. The burden of proving damages rests on the party claiming them. Minerva Enters., Inc. v. Howlett, 308 Ark. 291, 824 S.W.2d 377 (1992) (citing Christmas v. Raley, 260 Ark. 150, 539 S.W.2d 405 (1976)). Although recovery will In not be denied merely because the amount of damages is hard to determine, damages must not be left to speculation and conjecture. Vowell v. Fairfield Bay Cmty. Club, Inc., 346 Ark. 270, 58 S.W.3d 324 (2001). The circuit court held as follows: Plaintiff argues in his brief that certain charges were “clearly excessive” and much of the work was “clearly de~ fective[.]” However, at trial certain things were noticeable by their absence — such as expert testimony regarding the usual time and expense of such a restoration as well as valuation of the vehicle both before and after Defendants’ involvement. In general, there was lack of competent testimony as to damages. [[Image here]] ■■■ . The Court has no doubt that at least some of the issues complained of could have, and should have, been performed better. For example, the presence of •sand in the vehicle seems inexcusable along with some cosmetic issues depicted in the . photographs taken shortly after Plaintiff took possession of the vehicle. However, any damages awarded for those items would require speculation by the Court. I cannot say that the circuit court clearly erred in finding that the proof of damages in this case was insufficient to allow the court to enter a judgment without resorting to speculation. Of particular concern is the lack of any specific proof about the value of the car when it was retrieved by Hartness as opposed to the ‘value the car would have had if it had been restored to the condition agreed to by the parties. Because Hartness failed to offer adequate proof of damages, the circuit court was left to speculate as to the amount of damages. For this reason, I would affirm the circuit court and I would not address whether the notice requirement of Arkansas Code Annotated section 4-2-607(3)(a) is applicable to the present case. Goodson, J., joins.